IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00633-WYD-MEH

JEFFREY F. LEE,

      Plaintiff,

v.

THE SPECTRANETICS CORPORATION, a foreign corporation,

      Defendant.

## PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

      Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the common law and statutory privacy interests of Plaintiff Jeffrey Lee or other present or former employees of Defendant The Spectranetics Corporation, including privacy interests in medical information; financial information produced by any party to the litigation; and confidential

business information produced by Defendant The Spectranetics Corporation.

4.      Defendant's use of Plaintiff Jeffrey Lee's CONFIDENTIAL medical information, in accordance with the provisions of this Protective Order, for purposes of its defense in the above-captioned matter is not a violation of the Health Insurance Portability and Accountability Act or any other federal or state law.

5.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following individuals (hereinafter defined as a "Qualified Person"):

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties, including designated representatives for Defendant and other persons in Defendant's control group with a business need to know;

(d)      potential or retained expert witnesses and consultants, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents, witnesses, or potential witnesses; and

(h)      other persons by agreement of the parties.

6.      Any Qualified Person provided with confidential documents shall be informed of this

stipulated Protective Order and shall be subject to its terms.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      If Plaintiff Jeffrey Lee or Defendant The Spectranetics Corporation intends to file with the Court documents containing or referring to CONFIDENTIAL information, the filing party shall take all reasonable steps, as prescribed by the Court and its local rules, to have such documents filed under seal.

10.     Subject to the Federal Rules of Evidence, CONFIDENTIAL information may be offered in evidence at trial or any court hearing upon reasonable written notice of the intention to do so. Either party may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

11.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party

designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Nothing in this paragraph, however, shall be construed as prohibiting the attorneys for any party from maintaining a complete file regarding the litigation, including copies of documents that have been designated confidential, subject to the continuing duty of confidentiality.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

5

Dated and entered at Denver, Colorado, this 19th day of July, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge